The **UNITED STATES**

v.

**Michael G. THEVIS, and Joan C. Thevis,** Individually and d/b/a the Book Bin, the Book Bin, Inc., Peachtree News Company, Inc., Pendulum Books, Inc., and Peachtree National Distributors, Inc.

Crim. No. 26420.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 16, 1970.

John W. Stokes, Jr., U. S. Atty., N. D. Ga., Atlanta, Ga., for plaintiff.

Hugh W. Gibert of Haas, Holland, Freeman, Levison & Gibert, Atlanta, Ga., for defendants.

## ORDER ON MOTIONS BY DEFENDANTS

MOYE, District Judge.

The defendants have been charged in a multiple-count indictment with violating 18 U.S.C. sections 1461, 1462 and 1465.

18 U.S.C. section 1461, *inter alia*, declares "obscene" etc., things nonmailable and makes it a crime knowingly to use the mails for their transportation.

18 U.S.C. section 1462 makes criminal bringing into the United States or placing in interstate commerce "obscene" books, pamphlets, etc.

18 U.S.C. section 1465 makes criminal the knowing transportation "in interstate or foreign commerce for the purpose of sale or distribution" of "obscene" books, etc.

| Count | Persons Charged | Section Charged | Publication | Addressee |
|---|---|---|---|---|
| 1 | Dismissed | | | |
| 2 | M. G. Thevis<br>I. C. Thevis<br>Pendulum Books, Inc. | 1461 | "Marital Confidences" | Wanda I. Beard |
| 3 | Same | Same | Same | Greg Burke |
| 4 | Same | Same | "Cruel Lips" | Mrs. Jas. H. Dawkins |
| 5 | M. G. Thevis<br>J. C. Thevis<br>The Book Bin, Inc. | Same | Advertising Circular——Fine Pendulum Magazines: "Wild Cats", "Lezo", "Swap" and "Body and Soul" | Ed Bepling |
| 6 | Same | Same | Same · | Paul Fabian |
| 7 | Same | Same | Advertisement—"Fine Pendulum Magazines" | Walt Hellekson |
| 8 | Same | Same | Advertisement—"Indictment" | V. C. Powell |
| 9 | Same | Same | Advertisement "Frou Frou" and "Dolly" | Thomas Sandell |
| 10 | Same | Same | "Frou Frou" and "Dolly" | Lawrence Kirk |
| 11 | Same | Same | "Wild Cats" and "Lezo" | Mrs. Jas. Dawkins |
| 12 | Same | Same | "Exciting" and "Cover Girl" | Floyd Payne |
| 13 | Same | Same | Advertisement: "Classic Tale of Sex"—"Cruel Lips" | Radford School for Girls |
| 14 | Same | Same | "Body and Soul", "Swap" and "Indictment" | George Withers |
| 15 | Dismissed | | | |

Defendants move (1) for separate trials, (2) to dismiss the indictment, and (3) for a bill of particulars.

## MOTION FOR SEPARATE TRIALS

As the above analysis of the indictment shows, there remain in the case only the two individual defendants and two of the corporate defendants, The Book Bin, Inc., and Pendulum Books, Inc. The dismissal by the Government, with the approval of the Court. of Counts 1 and 15 has eliminated as defendants Peachtree News Company, Inc., and Peachtree National Distributors, Inc. The two individual defendants are named in every pending count; Pendulum Books, Inc., is joined as a defendant in three counts; The Book Bin, Inc., is joined as defendant in ten counts.

Pendulum Books, Inc., and The Book Bin, Inc., are not charged as codefendants in any count, but in Counts 5, 6, and 7, in which The Book Bin, Inc., is defendant, the advertisement which is the basis for the indictment refers to "Five

Pendulum Magazines for the Connoisseur" and the book "Cruel Lips" is the basis for Count 4 where Pendulum Books, Inc., is defendant and in Count 13 where The Book Bin, Inc., is defendant, an advertisement for the book "Cruel Lips" is the basis for the indictment.

It appears from brief of Government Counsel that the Government contends and will undertake to show that the two corporate defendants are closely held by the individual defendants. The Government further asserts that it does not contemplate offering in evidence any statement or admission of one defendant which implicates any other defendant.

■ It appears that the joinder of defendants here is permitted under Rules 8(a) and (b), of the Federal Rules of Criminal Procedure, and defendants' motion for separate trial (for severance) is denied.

### MOTION FOR BILL OF PARTICULARS

■ The Government responded to the defendants' motion for a bill of particulars on February 19, 1970, and the response appears adequate. The defendant has filed no objections to the scope or adequacy of said response, and, therefore, defendants' motion for a bill of particulars, is denied to the extent that it may have sought particularization beyond the Government's response of February 19, 1970.

Defendants may have 15 days from receipt of this order to file any particularized motions to dismiss on the ground of *res judicata*.

### MOTIONS TO DISMISS THE INDICTMENT

Defendants move to dismiss the indictment, and various counts thereof, on several grounds.

■ Fundamentally, defendants assert that since the Supreme Court in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1968), held that a state (and federal government) may not constitutionally prohibit mere possession of admittedly obscene material in the privacy of one's own home, it may not, logically, prohibit the dissemination of such material, even by commercial distributors thereof. We think this question was decided, adversely to defendants, in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and see no intimation that the Supreme Court in *Stanley* intended, *sub silento*, to overrule *Roth*; indeed, the Court in *Stanley* professed the contrary.

■ The Government asserts in its response that none of the evidentiary material used and intended to be used by the Government was obtained by search or seizure of any property of defendants, and there were no arrests until after the return of true bills by the Grand Jury. The Court finds there is no need for a so-called "adversary hearing" prior to prosecution of the criminal indictments involved under the rule in Delta Book Distributors v. Cronvich, 304 F.Supp. 662 (E.D.La.1969).

■ Defendants' suspicion that the Grand Jury did not make certain inquiries or studies is neither an adequate ground for a motion to dismiss, nor even a "showing of 'particularized need'" warranting an inspection of the Grand Jury minutes under Rule 6 of the Federal Rules of Criminal Procedures.

■ The Court further finds that the indictment is not multiplicitous so as to violate constitutional guarantees against double jeopardy.

The indictment appears to give the name and address of the addressee of the publication or publications in each count of the indictment. No further information is required in order for defendants to prepare their defense to each count of the indictment.

Except as otherwise specified above, defendants' motions are denied.